IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ONEIDA COUNTY,

                Plaintiff,

v.                                                OPINION and ORDER

KIRK BANGSTAD and MINOCQUA BREWING             25-cv-520-jdp
COMPANY LLC,

                Defendants.

---

    Kirk Bangstad and Minocqua Brewing Company removed this case from state court, relying on 28 U.S.C. § 1331 as the basis for jurisdiction. That statute applies to "all civil actions arising under the Constitution, laws, or treaties of the United States." Oneida County's complaint asserts claims under state law only, so the court directed defendants to show cause why the case should not be remanded to state court for lack of jurisdiction. Dkt. 2.

    In response, defendants contend that the case is removeable under the theory described in *Gunn v. Minton*, which allows a federal court to exercise jurisdiction if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress. 568 U.S. 251, 258 (2013). The county opposes removal, and it asks for costs and expenses under 28 U.S.C. § 1447(c).

    The only federal issues in this case are issues that defendants are asserting as defenses, and it is well established that federal defenses do not provide a basis for exercising jurisdiction under § 1331. So the court will remand the case and grant the county's request for costs and expenses.

ANALYSIS

Two issues are before the court: (1) whether the court may exercise jurisdiction over this case under § 1331; and (2) if not, whether the court should award costs and expenses under § 1447(c).

**A. Jurisdiction**

The basis for jurisdiction outlined in *Gunn* applies only to a "special and small category of cases," 568 U.S. at 258, so an analysis under *Gunn* "rarely results in a finding of federal jurisdiction," *Evergreen Square of Cudahy v. Wisconsin Hous. & Econ. Dev. Auth.*, 776 F.3d 463, 466 (7th Cir. 2015). This case is not one of the rare exceptions. The court concludes that it cannot exercise jurisdiction under § 1331 because no federal issues are "necessarily raised" within the meaning of *Gunn*. This conclusion makes it unnecessary to decide whether defendants have satisfied any of *Gunn*'s other requirements.

Defendants do not dispute that the county's complaint rests solely on state law: the county contends that defendants violated county ordinances regarding permit requirements, and it seeks to enforce those violations under Wis. Stat. § 59.69(11). The complaint does not rely on or refer to federal law.

Defendants contend that the case "arises under" federal law within the meaning of § 1331 because the ordinance that is the basis for the complaint violates the Due Process Clause of the Fourteenth Amendment and the Takings Clause of the Fifth Amendment to the U.S. Constitution. Defendants say that the court "must necessarily answer the[se] federal question[s]" to resolve the case, Dkt. 9, at 20, and they cite the statement from *Grable & Sons Metal Products, Inc. v. Darue Engineering & Manufacturing*, that "a federal court ought to be able

to hear claims recognized under state law that nonetheless turn on substantial questions of federal law." 545 U.S. 308, 314 (2005).

Defendants are misreading *Gunn* and *Grable*. A federal issue is not "necessarily raised" simply because the *defendant* has raised an issue that the court will have to decide before ruling on the merits of the plaintiff's claims. Rather, "[u]nder the longstanding well-pleaded complaint rule . . . a suit 'arises under' federal law only when the plaintiff's statement of his own cause of action shows that it is based upon federal law." *Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009). In other words, the court asks whether a "question of federal law is a necessary element of one of the well-pleaded state claims." *Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Tr. for S. California*, 463 U.S. 1, 13 (1983). This is consistent with the rule that removal is proper only if the plaintiff could have filed the lawsuit in federal court. 28 U.S.C. § 1441(a). At the time of filing, the plaintiff cannot speculate on issues that the defendant might raise to support jurisdiction. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392–93 (1987).

*Grable* and *Gunn* themselves focused on issues raised by the plaintiff, not the defendant. In *Grable*, the case satisfied the "necessarily raised" requirement because the plaintiff was contending that a property title was invalid under federal law. 545 U.S. at 311. In *Gunn*, the plaintiff contended that the defendant committed malpractice by misapplying patent law. 568 U.S. at 258–59. More generally, both the Supreme Court and the Court of Appeals for the Seventh Circuit have repeatedly held that federal defenses do not support the exercise of

3

jurisdiction.[1] Courts have also declined to recognize an exception to this general rule for constitutional defenses. *See, e.g.*, *Anne Arundel Cnty., Maryland v. BP P.L.C.*, 94 F.4th 343, 350–51 (4th Cir. 2024); *City of Hoboken v. Chevron Corp.*, 45 F.4th 699, 709 (3d Cir. 2022). If the rule were otherwise, virtually any case would be potentially removable because the validity of any state-law cause of action could be challenged as unconstitutional. Defendants cite no authority for the proposition that constitutional defenses provide a basis for jurisdiction.

No federal issue is a necessary element of the county's claims, and defendants do not contend otherwise. So the court does not have jurisdiction under *Gunn*. The court will remand this case to state court.

## B. Costs and expenses

The county seeks reimbursement for "its costs, including attorney's fees, incurred as a result of the removal." Dkt. 14, at 12. Under 28 U.S.C. § 1447(c), the court "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." The question under § 1447(c) is whether "the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005).

Defendants did not have a reasonable basis for removal in this case. "[S]ince 1887 it has been settled law that a case may not be removed to federal court on the basis of a federal

---

[1] *See, e.g.*, *Royal Canin U. S. A., Inc. v. Wullschleger*, 604 U.S. 22, 26 (2025) ("[T]he determination of jurisdiction is based only on the allegations in the plaintiff's 'well-pleaded complaint'—not on any issue the defendant may raise."); *Northeastern Rural Elec. Membership Corp. v. Wabash Valley Power Ass'n, Inc.*, 707 F.3d 883, 890–91 (7th Cir. 2013) ("Federal defenses to a well pleaded complaint, such as preemption or preclusion, do not provide a basis for removal."); *Chicago Tribune Co. v. Board of Trustees of University of Illinois*, 680 F.3d 1001, 1006 (7th Cir. 2012) ("[A] potential federal defense is not enough to create federal jurisdiction under § 1331.)

defense." *Franchise Tax Bd.*, 463 U.S. at 14. To make matters worse, defendants continued to press for removal even after this court's order to show cause quoted the Supreme Court's statement in *Royal Canin U.S.A.* that "the determination of jurisdiction is based only on the allegations in the plaintiff's 'well-pleaded complaint'—not on any issue the defendant may raise." 604 U.S. at 26. Defendants acknowledged this rule in their brief, Dkt. 9, at 19, but they offered no plausible basis for concluding that this well-established principle does not apply in this case. Defendants should not have removed this case, and they should have conceded error in response to the order to show cause. So the court will award the county's reasonable costs and expenses incurred because of the removal.[2]

The county has not yet itemized its reasonable costs and expenses for the court, but that is not a reason to delay remand. District courts retain jurisdiction to award costs and expenses even after a remand to state court. *Wisconsin v. Hotline Industries, Inc.*, 236 F.3d 363, 365 (7th Cir. 2000). And remand orders are not appealable except in circumstances not present here, *see* 28 U.S.C. § 1447(d), so there is no need to stay the remand pending the appeal deadline.

The court will give the county an opportunity to file a motion that itemizes the county's costs and expenses incurred because of the removal and explains why those costs and expenses are reasonable. But before the county submits its motion, it should confer with defendants on an appropriate amount. The county's motion must be accompanied by a description of the

---

[2] The county cites what it says is a June 22, 2025 post on Minocqua Brewing's Facebook page, stating that the removal was a "legal maneuver" that "bought [Bangstad] 30 days of staying out of jail on potential contempt of court charges." Dkt. 16, at 3. The county says that the post shows that defendants had "an ulterior motive" for removing the case. Dkt. 14, at 12. But the standard for awarding costs and expenses under § 1447(c) is objective, *Martin*, 546 U.S. at 141, so evidence of defendants' intent is not relevant.

efforts the parties made to resolve the amount of costs and expenses without a court order. If the motion does not demonstrate that the county made reasonable efforts to resolve the dispute, the court will deny the motion. The motion must also comply with the court's procedures on fee petitions, which may be found on the court's website.[3]

ORDER

IT IS ORDERED that:

1. This case is REMANDED to state court for lack of subject matter jurisdiction.

2. The court retains jurisdiction for the limited purpose of resolving Oneida County's motion for costs and expenses incurred because of the removal.

3. The county may have until August 8, 2025, to file a motion for reasonable costs and expenses or to inform the court that the parties have resolved the issue informally.

Entered July 21, 2025.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge

---

[3] https://www.wiwd.uscourts.gov/judge-specific-procedures.