IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ONEIDA COUNTY,

                Plaintiff,

v.                                                         OPINION and ORDER

KIRK BANGSTAD and MINOCQUA BREWING          25-cv-520-jdp
COMPANY LLC,

                Defendants.

---

The court remanded this case to state court for lack of subject matter jurisdiction. The court also concluded that Oneida County was entitled to attorney fees under 28 U.S.C. § 1447(c) because the removal was not objectively reasonable. The county now seeks $8,795.50 in fees, which includes $6,100.50 for opposing the removal and $2,695 for supporting their fee petition.[1]

Defendants object to the fee petition on three grounds: (1) the removal was reasonable; (2) the amount of time the county's counsel spent was unreasonable; and (3) time spent on the fee petition should not be included in the fee award. Defendants also say that the court should exercise its discretion to reduce the award because there is no evidence of bad faith.[2] The court rejects each of these contentions.

As an initial matter, defendants seek reconsideration of the decision that they did not have a reasonable basis for removal. The court remanded this case and concluded that fee

---

[1] The total includes $710.50 for 2.9 hours spent on the reply brief in support of the fee petition.

[2] Defendants' brief is titled "Respondents['] Motion to Extend Time Limits," Dkt. 29, but the substance of the brief is an objection to the county's fee petition.

shifting was warranted because the county's complaint is based solely on state law: it alleges that defendants violated county permitting requirements. Defendants' only basis for removal was that the permitting requirements violate the U.S. Constitution. But it is well established that federal jurisdiction is based on the plaintiff's claims, not the defendant's defenses: "[u]nder the longstanding well-pleaded complaint rule . . . a suit 'arises under' federal law only when the plaintiff's statement of his own cause of action shows that it is based upon federal law." *Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009). In other words, the question is whether federal law "is a necessary element of one of the well-pleaded state claims." *Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Tr. for S. California*, 463 U.S. 1, 13 (1983). The county's complaint is not based on federal law, so it is not removable.

Defendants say that they "did not base their motion for removal solely on defenses" because the complaint "cited a facially unconstitutional ordinance to support Plaintiff's cause of action." Dkt. 29, at 3. But the court already considered and rejected this argument when granting the motion to remand. Whether the ordinance violates the U.S. Constitution is irrelevant to the *elements* of the county's claims: it is not necessary to determine the ordinance's validity to determine whether defendants violated the ordinance. Defendants are asserting a defense that the ordinance cannot be enforced because it is unconstitutional, but as the court explained in its previous order, that is still a defense, and there is no exception to the general rule for constitutional defenses. Dkt. 20, at 4 (citing *Anne Arundel Cnty., Maryland v. BP P.L.C.*, 94 F.4th 343, 350–51 (4th Cir. 2024), and *City of Hoboken v. Chevron Corp.*, 45 F.4th 699, 709 (3d Cir. 2022)). Even now, defendants cite no authority in support of their position. The removal was unreasonable, and the county is entitled to reasonable attorney fees.

As for the reasonableness of the county's fees, that is determined by evaluating the attorneys' hourly rate and the amount of time they expended. *Hensley v. Eckerhart*, 461 U.S. 424, 433–37 (1983); *Pickett v. Sheridan Health Care Ctr.*, 664 F.3d 632, 639 (7th Cir. 2011). There is no dispute that county's counsel's rate—$245 an hour—is reasonable. Instead, defendants contend that it was unreasonable for counsel to spend almost 25 hours to oppose removal "for what should have been a straightforward jurisdictional challenge." Dkt. 29, at 3. But it was defendants who filed a 25-page brief in support of removal in response to the court's order to show cause why that case should not be remanded for lack of jurisdiction. *See* Dkt. 2 and Dkt. 9. The county's brief was commensurate to the resistance defendants asserted to removal. Defendants raise no specific objections to individual time entries or to sections of the county's brief. The court's own review of the brief and the billing logs uncovered nothing unreasonable. The court will approve the hours and rates.

As for the time spent on the fee petition, defendants say it is not covered by the fee-shifting statute, which applies to fees "incurred as a result of the removal." 28 U.S.C. § 1447(c). Defendants say that the "fee petition work occurred after the case was already remanded and thus was not a direct result of the removal itself." Dkt. 29, at 3. But when the case was remanded has nothing to do with why the county incurred fees to support its fee petition. The county would not have needed to prepare the petition if the case had remained in state court, so the fees were "incurred as a result of the removal" within the meaning of § 1447(c).

The court will also approve $710.50 for the 2.9 hours that the county's counsel spent on the reply brief. That a reasonable amount of time to respond to four separate arguments that defendants raised in their opposition brief.

As for whether the court should exercise its discretion to reduce the fee, defendants cite *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005), for the proposition that fees should not be awarded "[w]ithout evidence of bad faith." Dkt. 29, at 4. But that is the opposite of what *Martin* says: "the standard for awarding fees should turn on the reasonableness of the removal." 546 U.S. at 141. Bad faith is not required. In this case, no reduction is appropriate. Even after it became clear that removal was improper, defendants have continued challenging the basis for remand. This was the direct cause of the county's fees, so the county is entitled to reimbursement from defendants.

ORDER

IT IS ORDERED that Oneida County's motion for attorney fees, Dkt. 23, is GRANTED. Defendants are directed to pay Oneida County $8,795.50 in attorney fees.

Entered October 22, 2025.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge